## F. S. HUNT, Administrator, *v.* WILLIAM F. WALKER *et al.*

1. CHANCERY: PLEADINGS: ALTERATIONS OF.—No alteration can be made in any pleading, or other matter, that has become a record of the court, without the sanction of a previous order, or a rule of court authorizing it, or without special leave.   1 Barbour's, Ch. Pr. 209; 1 Daniels, Ch. Pr. 468.
2. CHANCERY: PLEADING: AMENDMENT OF.—Amendments of pleadings are in the discretion of the court, and allowed with great liberality, until the proofs are closed, except in cases where the bill is upon oath.
3. CHANCERY: PLEADING: AMENDMENT.—Amendment of pleadings, made without leave of the court and acquiesced in by the opposite party, cannot be objected to on the final hearing of the cause.
4. CHANCERY: PRACTICE AND PLEADING: AMENDMENTS, HOW MADE.—Amendments of pleadings should be made on application for leave to amend, accompanied with the proposed amendment.
5. CHANCERY: PRACTICE AND PLEADING: WHEN CAUSE NOT READY FOR FINAL HEAR-ING AS TO ALL PARTIES.—A cause, which is not ready for final hearing as to all the parties, should be remanded to rules, until prepared for final hearing.

APPEAL from the Chancery Court of Madison county.   Hon. E. G. Henry, judge.

*George L. Potter,* for appellant.

*John D. Freeman,* for appellees.

HARRIS, J., delivered the opinion of the court.

As the merits of this case, as now presented, are not before us, it will be sufficient to refer to such facts only as concern the questions of practice upon which its determination must depend.

The transcript shows, that on the 24th February, 1851, the complainant filed his bill in the Superior Court of Chancery, which it is admitted was fatally defective.   The bill was not sworn to.   On the 6th December, 1852, the complainant filed what is denominated in the record an amendment of the original bill, without leave of the court, without signature except the name of "Potter" on the back, and without notice to the defendants.   On the 26th October, 1857, an order was made by the Superior Court of Chancery transferring the cause to the

Hunt *v* Walker et al.

Chancery Court of Madison county; and on the 29th January, 1858, all the papers in the case—including the amended bill, together with certified copies of the entries on the general docket, and orders from the minutes of the Superior Court of Chancery—were filed in the Chancery Court of Madison county. Among the entries on the general docket, so certified to the Chancery Court of Madison county, is an entry showing the date of filing of the amended bill. On the 21st of April, 1859, an entry was made on the minutes of the Chancery Court of Madison county suggesting the death of complainant, Borsgerard. On the 26th September, 1859, a bill of revivor was filed by plaintiff in error, setting out all the facts, stating the substance of both the original and amended bills, and making them exhibits and parts of the bill of revivor, praying that all the parties to the original and amended bills be made parties to his bill of revivor, and that due process issue and publication be made, and that the suit be revived in his name; and further urging the prayer of the original bill, and that a receiver may be appointed and an account taken, and for other or further relief. Process was duly issued and served on the defendants in error, and the bill was taken as confessed as to them by order of the Chancery Court of Madison county, on the 24th April, 1860; and on the 23d April, 1861, a decree was rendered in said court, which recites that the cause having been set for final hearing by the defendants, William Walker, Wilie Lyons, and B. Chambers, as to said defendants, at a previous day of this court, and the same having been argued and submitted by said defendants, etc., and it appearing to the court that the original bill in this case sets forth no sufficient cause of action against said defendants, and that a paper found among the papers in this cause, purporting to be an amended or supplemental bill, has never been filed by permission of the court, and that said defendants have had no notice of the same, it is therefore ordered that said paper, purporting to be an amended and supplemental bill, be and the same is hereby stricken from the file and disregarded, and that said original bill be and the same is hereby dismissed at the cost of complainant, to be taxed.

From this decree an appeal was prayed by complainant, and the cause brought to this court.

The regularity of these proceedings and the propriety of this decree striking the amended bill from the file, on final hearing of the cause, set down for hearing by the defendants themselves, on the bills and *pro confesso* against them, and also the propriety of the decree dismissing the bills, are the questions presented by the assignment of errors.

It is a general principle that no alteration can be made in any pleading or other matter after it has been filed, and by that means become a record of the court, without the sanction of a previous order, or rule of court authorizing it, *without* special leave. 1 Barbour's Ch. Pr. page 209 ; 1 Daniel's Ch. Pr. 468.

Amendments, as a general rule, are in the discretion of the court, though allowed with great liberality, until the proofs are closed, except when the bill is upon oath. See 1 Daniel's Ch. Pr., pages 454, 455, and notes and authorities cited.

In this case no order or leave of the court to file the amendment appears, nor does it appear that any notice of the amendment was formally served on the defendants. But it is manifest from the whole proceedings that these defendants have so neglected to avail themselves of these objections, that to allow them to be made on the final hearing of the cause, especially when set for final hearing by the defendants themselves, would operate as a surprise and great hardship upon the complainants.

To say nothing of the date of the amendment and previous entries in the record, the bill of revivor sets out the amendment in full and makes it a part of the bill, and calls for answer. The bill was formally served by subpœna on the defendants ; and on failure to answer, a *pro confesso* taken and entered against them.. They not only make no objection to the amended bill, as originally filed, or to the bill of revivor of which it became a part ; but after *pro confesso* against them, they themselves set down the cause as amended, without objection thereto, for final hearing.

By this laches they must be held to have waived all objections to the amendment, and on final hearing cannot be permitted to treat it as a nullity. Story's Eq. Pl., 3d ed., page 854, section 883 ; Cooper's Eq. Pl., page 332. The chancellor therefore erred in striking this amendment from the files, and rendering a decree dismissing complainant's bill.

The granting or refusing amendments to bills resting in the discretion of the chancellor, when a party seeks to amend his bill he should, regularly, accompany his motion for leave to file an amended bill with the amendment sought to be filed, in due form, so that the court may be able to judge of the propriety of allowing the amendment ; and no amendment should be allowed by the court, not so regularly presented and allowed by its special order.

In the case before us, the cause was not ready for hearing as to all the parties, some of whom had not been served with process. Instead of rendering a final decree, the court should have remanded the cause to the rules, until service had been perfected on all proper parties, the pleadings settled, and the cause properly prepared for final hearing.

Let the decree be reversed, and cause remanded for further proceedings, in accordance with this opinion.