C. D. KELLY v. E. D. BROOKS ET AL.

1. CHANCERY PRACTICE. *Pending appeal. No step in lower court.*
　　Without a summons and severance no step can be taken in the Chancery Court in a case which is pending in the Supreme Court on appeal by one defendant from a decree overruling a demurrer of all the defendants to the bill.

2. SAME. *Pro confesso. Setting aside. Judicial discretion.*
　　If such decree is affirmed and the cause remanded, a *pro confesso* entered against a defendant who failed to appeal, after the time for answer allowed by the Chancery Court, but within the time allowed his co-defendant by the Supreme Court, may be set aside in the exercise of a sound judicial discretion.

3. SAME. *Several defendants. Default of one. Final decree.*
　　No final decree can be rendered against a defendant who has suffered a *pro confesso*, if, upon the answer and proof of another defendant, the complainant is not entitled to relief.

APPEAL from the Chancery Court of Montgomery County. Hon. R. W. WILLIAMSON, Chancellor.

*Sweatman & Trotter*, for the appellant.

The decree of this court, on sustaining the decree which overruled the demurrer, allowed the defendant who appealed sixty days to answer; but the one who did not appeal was not before this court, and cannot take the benefit of a decree which, if it attempted to affect him, would be *pro tanto* void. While

the complainant can take no final decree against Brooks until the case is determined as to the other defendants, *Minor* v. *Stewart*, 2 How. 912; *Hargrove* v. *Martin*, 6 S. & M. 61; yet, by failing to answer, Brooks has rested his case upon the defence which his co-defendants make, and cannot now change his position. The authorities cited by opposing counsel, to the effect that the decree is superseded as to the defendant appealing, do not hold that the case cannot proceed as to defendants who do not appeal.

*Nugent & McWillie*, for the appellees.

As there was no order of severance, the decree of this court on the former appeal, giving time to answer, would not have been void if it had embraced all the defendants. An appeal suspends the operation of the decree appealed from. *Yeaton* v. *United States*, 5 Cranch, 281; *Paine* v. *Cowdin*, 17 Pick. 142. It divests the lower court of jurisdiction, and renders void all steps taken therein until the cause is remanded. *Bryan* v. *Berry*, 8 Cal. 130; *McGlaughlin* v. *O'Rourke*, 12 Iowa, 459; *Levi* v. *Karrick*, 15 Iowa, 444; *Helm* v. *Boone*, 6 J. J. Marsh. 351; *Stewart* v. *Stringer*, 41 Mo. 400; *Pierson* v. *McCahill*, 23 Cal. 249; *Stone* v. *Spillman*, 16 Texas, 432; *Messenger* v. *Marsh*, 6 Iowa, 491; *Ohio Life Ins. Co.* v. *Winn*, 4 Md. Ch. 253; *Wade* v. *American Colonization Society*, 4 S. & M. 670.

CHALMERS, J., delivered the opinion of the court.

The bill was filed against several defendants, all of whom demurred. The demurrer was overruled and the defendants required to answer within sixty days. Only one of them appealed to this court. The decree below was affirmed, and he was given sixty days more within which to answer. Thereafter *pro confesso* at rules was taken against Brooks, one of the defendants who had not appealed. This was done more than sixty days after the decree in the lower court, but within less than sixty days after the decree in this court. The day after the decree *pro confesso* before the clerk was entered, Brooks presented and offered to file his answer, and at the next ensuing term of the court, upon his motion, the *pro confesso* was set aside and the answer permitted to be filed. From this action of the court the complainant appeals.

We think the setting aside of the *pro confesso* was within the sound discretion of the court, which in this instance was not abused. No step could have been taken in this case by the court below while the former appeal was pending in this court, though only one defendant had appealed, there having been no summons and severance; and even if the *pro confesso* had not been set aside, no final decree could have been made against Brooks, if, upon the answer filed and proof taken by his co-defendant, it had been eventually demonstrated that the complainant was entitled to no relief, as has been held in several cases in this court. *Minor* v. *Stewart*, 2 How. 912; *Hargrove* v. *Martin*, 6 S. & M. 61. Under these circumstances, it was not erroneous to set aside the *pro confesso* and permit the party to answer.          *Affirmed, and cause remanded.*

GEORGE, C. J., having been of counsel, takes no part in this decision.