MARGARET SORIA *v.* WARREN STOWE ET AL.

1. CHANCERY. *Bill to remove clouds. Complainant must show title.*
   In a suit to remove clouds upon title, the complainant must show a good
   title in himself, if his title is denied by the answer.

2. DECREE PRO CONFESSO. *Final decree thereon not granted, when.*
   A final decree will not be granted against one of several defendants who has
   suffered a *pro confesso*, if upon the trial of the issue against the other de-
   fendants, it appears that complainant is not entitled to any relief against
   him.

3. CHANCERY PLEADING. *Dismissal of bill and cross-bill. Case in judgment.*
   A defendant in a bill to remove clouds upon title answered, denying com-
   plainant's title and filed a cross-bill, claiming certain land which, as the
   cross-bill alleges, " might or not be a part of that embraced in the bill,"
   but sought cancellation of complainant's claim thereto. Complainant
   failed to prove his title, and the evidence showed that the land claimed in
   the cross-bill was not a part of that mentioned in the bill. *Held*, that the
   bill and cross-bill were both properly dismissed.

FROM the chancery court of Harrison county.

HON. SYLVANUS EVANS, Chancellor.

Appellant, Margaret Soria, by this bill in chancery alleged that
she was the true owner of forty acres of land described in the bill,
and sought to cancel as clouds upon her title the claims of defend-
ants, Hunt, Stowe, and Mrs. Eisetter. A *pro confesso* decree was
taken against Hunt. Mrs. Eisetter answered denying complain-
ant's title, but disclaiming any interest in any part of the forty
acres except a small portion thereof designated in her answer.
Stowe also disclaimed as to any of the land except a small lot or
parcel which was in his possession, and which he did not know the
situation of with reference to the forty acres claimed by complain-
ant. He made his answer a cross-bill, and prayed for discovery
by complainant of his title to the land embraced in the original
bill, and alleged that the lot claimed in the cross-bill might or
might not be a part thereof. The prayer of the cross-bill was for
cancellation of complainant's title, if it should appear that the lot
claimed by Stowe was embraced within the forty acres.

The answer of complainant to the cross-bill set up a tax-title

and long-continued possession. On the trial complainant failed to show title in herself, the tax-title being wholly insufficient, and her claim by possession not having been established. It was further shown by the evidence that the land claimed by Stowe in his cross-bill was not embraced in the forty acres claimed by complainant in the original bill.

Upon final hearing the court dismissed both the bill and the cross-bill and this appeal is prosecuted by complainant, who assigns for error the action of the court in dismissing her bill. She contends that in any view of the case she should have had a decree against Hunt, who suffered a *pro confesso*, and against Stowe who disclaimed as to the forty acres.

*Brame & Alexander*, for appellant.

If it be conceded that the proof failed to show title in complainant, this does not help the case as to Hunt, who failed to answer. The tax-deed which, it is claimed, disclosed the invalidity of complainant's title was not in evidence generally. It was only set up in the answer called for by Stowe to his cross-bill. It could not be considered by the court in order to avoid the effect of the *pro confesso* against Hunt, or defeat a decree based on it. It is evident that both complainant and Stowe were claiming the lot mentioned in the cross-bill. Stowe claimed it and supposed it was a part of the forty acres : a very proper case for exercise of the jurisdiction here invoked. After Stowe's disclaimer it was then a mere matter of costs. *Cook* v. *Friley*, 61 Miss. 1. Complainant should have had a decree against Hunt because of the *pro confesso* decree, and against Stowe because of his disclaimer as to the land, which he admits he had asserted a claim to, not knowing the true location of his own. Besides, complainant answered under oath the cross-bill of Stowe, and made discovery of title, setting up thirty years possession. As Stowe did not disprove this, he is concluded by the discovery. *Fulton* v. *Woodman*, 54 Miss. 158.

*E. J. Bowers*, for appellees.

(Counsel filed a brief mainly discussing the insufficiency of the tax-deed, relied on by appellant, to show title. This point is conceded by counsel for appellant.)

Under no circumstances could complainant ask a decree against Stowe, for the testimony shows that he has a good title by possession.

For appellees, I do not contend that they have shown a good paper title, but only that appellant has shown none, and is therefore entitled to no relief.

COOPER, J., delivered the opinion of the court.

Appellant is not entitled to relief as against Mrs. Eisetter, because she failed to show title in herself to the lands in controversy, her title having been put in issue by a denial in the answer of this defendant. Nor was she entitled to relief as against Hunt, against whom a *pro confesso* was taken, because on the whole record she is shown not to be the owner of the land. Though Hunt suffered a *pro confesso* to be taken, still if on the issue between complainant and his co-defendant complainant is shown not to be entitled to any decree against him, no such final decree can be made. *Brooks* v. *Kelly,* 57 Miss. 225 ; *Minor* v. *Stewart,* 2 How. 912 ; *Hargrove* v. *Martin,* 6 S. & M. 61.

The original bill as against Stowe, and his cross-bill against complainant were both properly dismissed. Complainant, in her bill, described a certain subdivision of land of which she claimed ownership. Stowe answered, denying her title to the same, disclaiming any interest in it except as to certain land described by metes and bounds. He then exhibited a cross-bill describing the land he claimed, which, as he states, " may or may not be within the tract claimed by complainant," and as to this land so described prayed discovery of complainant's title, and for cancellation thereof. Complainant answered this cross-bill disclosing her title to the land described in her original bill. The evidence disclosed the fact that the land claimed by Stowe and described by metes and bounds in his cross-bill was not a part of the land claimed by complainant. So there was no subject of controversy between these parties. Complainant was entitled to no relief against Stowe. First, because she has shown no title to the land named in her bill, and, second, Stowe asserts no title to be cancelled.

*The decree is affirmed.*