THOMAS M. THAMES *v.* SELINA DUVIC ET AL.

[42 South. Rep., 667.]

CHANCERY PRACTICE. *Quieting title.    Sufficiency of pleadings.    De-murrer.    Essential charges of bill.*

A bill in equity to quiet title, averring that complainant and several of the defendants inherited the land from a decedent and charging that another defendant claims under a deed, is defective if it fail to show—

(*a*) The interest in the lands of the several parties to the suit; or

(*b*) When the decedent died, there having been several changes in the statutes of descent and distribution within the lives of men yet living; or

(*c*) The facts of which complainant's heirship is predicated; or

(*d*) The facts touching the deed, under which one of the defendant claims, so that the court may judge of its validity or the want of it.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Thames, the appellant, was complainant in the court below; Mrs. Duvic and others, the appellees, were defendants there. The complainant filed a bill in chancery asserting title to certain lands as a tenant in common, averring himself to be an heir at law of one William Thames, deceased, without stating the facts of which his heirship is predicated, and alleging that one of the defendants, Mrs. Duvic, claimed title to said lands by virtue of a conveyance made to her by one Guilland, which conveyance, complainant charged, was void, without stating the facts so that the court could judge of its validity; and further averring that said defendant's claim of title and deed cast a cloud upon complainant's title.    The prayer of the bill was for its cancellation.    Defendants' demurrer to the bill was sustained,

and complainant, failing to amend as he was granted leave to do, appealed to the supreme court.

*Brame & Brame,* and *W. H. Cook,* for appellant.

The case is submitted upon the record and the brief of appellees. We submit, in the event an affirmance is reached, that it should be adjudged to be without prejudice to the rights of the complainant in any future suit.

*McWillie & Thompson;* and *Bowers, Neville & Griffith,* for appellees.

It is insufficient to state in a bill in equity merely that the complainant is the heir at law of a designated deceased person; it is essential, in the stating part of the bill, to show how the complainant is the heir; in other words, to show the facts of which heirship is predicated, so that the court can draw its own conclusion on the subject and determine as a matter of law whether the averment in the introduction to the bill that the complainant is the heir be or be not true. Who are the heirs of any deceased person is a matter of legal conclusion. The facts are to be stated so the court can draw the legal inference. Who knows that the pleader in this case was well advised touching the law of Mississippi as to who are, or who are not, the heirs of a deceased person?

Turning to the bill in this case we defy the court to tell whether the parties named are or are not the children of William Thames, deceased, or whether some of them be his grandchildren or whether some or all of them be cousins—first, second or third —of said deceased William Thames. People have all sorts of conceptions of heirship and kinship. Are the persons named in the bill brothers and sisters of the whole blood or the half blood?

We will inquire again, when did William Thames die? The bill does not inform us. We know quite well that the date of the death of a decedent is material in determining who are his

heirs. If he died before the year 1871, his widow was not his heir. If he died since 1880, his widow is an heir. Many conditions of fact present themselves to the mind which illustrate the necessity of showing how one claiming to be an heir is the heir of a deceased person. Ferren's Bill in Chancery, 14; *Pickaway* v. *Hall,* 3 Ohio (3 Ham.), 225; *Barker* v. *Harwood,* 7 Sim., 373.

The bill is also defective because it does not show what part or portion of the property described in the bill complainant claims to own. It does not show what interest any one of the parties to the suit has in the land, and certainly is demurrable because it does not state the facts of which the pleader predicates the averment that the deed to Mrs. Duvic is invalid and a cloud upon complainant's title. According to the bill, Mrs. Duvic has a perfectly regular deed to the land in controversy, and it is not shown or charged that her grantor, Guilland, did not have title, and the invalidity of the deed is not shown in any way.

CALHOON, J., delivered the opinion of the court.

The bill does not show facts making it appear that the conveyance to Mrs. Duvic was not valid, nor does it show the interest of any of the parties, complainant or defendant, in the land, nor when William Thames died, nor how any one of the parties is heir to him. It follows that the demurrer was properly sustained, and, on failure to amend, that the bill was properly dismissed. Still, while we affirm, we do so, to avoid misconception, without prejudice to another proceeding properly brought; the appellant to pay costs of both courts.

*Affirmed.*