RICHARD BENNETT, Plaintiff, *v.* JOHN W. BIRD and Others, Individually and as Copartners Doing Business under the Firm Name and Style of AMORY BROWNE & COMPANY, 1928 FIRM OF BOSTON, MASSACHUSETTS, Defendants.

ROBERT AMORY, Appearing Specially, Appellant; BENJAMIN F. MEFFERT, Respondent.

Second Department, January 9, 1933.

*Henry H. Anderson,* for the appellant, appearing specially for the purposes of this motion only.

*Jacob H. Corn* [*Benjamin Siegel* with him on the brief], for the respondent.

CARSWELL, J. Plaintiff began an action entitled against the six partners of Amory Browne & Company, 1928 Firm of Boston, Massachusetts. Two thus named as defendants are Amory and

Meffert. Amory was not served with the summons and complaint. Meffert was so served and he served an amended answer. This amended answer Meffert also served upon Amory. It seeks a dismissal of the complaint, sets up two counterclaims, and in the event plaintiff recovers against him, Meffert seeks judgment against Amory.

Amory, appearing specially, moved to vacate Meffert's service upon him and have it declared a nullity. From the order denying his motion Amory appeals.

The question is whether or not Meffert may serve his answer on a codefendant, Amory, and thus bring Amory into the action although Amory has never been served with the summons and complaint and has never voluntarily appeared as a defendant. The Special Term has held and the respondent contends that section 264 of the Civil Practice Act authorizes this practice.

A defendant is an adverse party. (Civ. Prac. Act, § 191.) As such a party he may only be subjected to jurisdiction of a court by the service of process upon him. The usual means is by the service of a summons. In particular instances a court may get conditional jurisdiction in advance of the service of a summons pursuant to precise statutory provisions authorized in connection with the provisional remedies of arrest, injunction, atttachment and receivers. Such jurisdiction, being conditional, may be divested if the statutory provisions relating to the particular provisional remedy invoked are not carried out. A party may be subjected to jurisdiction in exceptional instances, by order or otherwise, where such practice is specifically authorized; but in such instances the particular provision in precise terms requires the service of a supplemental summons (Civ. Prac. Act, § 193) or there is a specific declaration (where one is required to appear by means other than the service of a summons) that such substituted method is to be deemed the equivalent of the service of a summons. (Civ. Prac. Act, § 271.) In section 271 it is provided: " A person not a party to the action who is so served with an answer becomes a defendant in the action *as if he had been served with the summons.*" Section 264 of the Civil Practice Act, relied upon herein, contains no language paralleling the foregoing.

A person does not become a party to an action by the mere naming of him in the title of the action. Voluntary appearance aside, a person becomes a party to an action only by the service of process upon him. ( *Norton* v. *Hayes*, 4 Den. 245.)

Section 264 of the Civil Practice Act reads:

" § 264. Controversy between defendants. Where the judgment may determine the ultimate rights of two or more defendants

as between themselves, a defendant who requires such a determination must demand it in his answer, and at least twenty days before the trial must serve a copy of his answer *upon the attorney for each of the defendants to be affected by the determination,* and *personally,* or as the court or judge may direct, *upon defendants so to be affected who have not duly appeared therein by attorney.* The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

This section is contained in article 27, entitled "Pleadings." It is a re-enactment of section 521 of the Code of Civil Procedure. It authorizes the serving by a defendant of his answer on a codefendant. The language, however, implies and assumes that such a codefendant has been subjected to the jurisdiction of the court by the service of process by the plaintiff. It prescribes that such an answer may be served upon a codefendant by means of a service thereof "upon the attorney for each of the defendants to be affected by the determination." This language implies that such a defendant has voluntarily appeared in the action or has been served with a summons and then appeared in the action, otherwise there would be no attorney upon whom to make service. This section further provides that the service of such an answer may be made "personally, * * * upon defendants so to be affected *who have not duly appeared* therein by attorney." This implies that the opportunity had been afforded to such a defendant to appear through the service of a summons; else why the phrase "who have not duly appeared?" In connection with the latter provision, where a defendant has been served with process by the plaintiff (as we construe the section), but has not appeared, the section permits personal service of an answer "or as the court or judge may direct." Throughout the section, therefore, the language used implies or assumes that a person has in fact been made a party defendant by the service of process and that something more has been done by the plaintiff than the mere naming of the individual as a party defendant in the title of the action.

If section 264 of the Civil Practice Act were intended to authorize the service of an answer by one defendant upon a party named in the title of the action as a codefendant but who has not been served with process, apt language manifesting this purpose would appear in the section as in a kindred situation in section 271. There the authorization of the service of such an answer upon a person not a party to the action was declared to be equivalent in effect to the service of a summons. If similar practice were thus specifically authorized in section 264, needful supplemneting regulations would be provided, so as to avoid complication which would

ensue from construing this section to authorize such a practice, without such supplementary regulatory provisions. To declare that section 264 authorizes such practice despite the absence of apt language and supplementary regulations would be legislation, by the court, under the guise of interpretation.

The counterclaims of Meffert do not raise questions between Meffert and the plaintiff, Bennett, nor do they raise questions between Meffert and Bennett "along with any other persons." Hence section 271 of the Civil Practice Act may not be invoked to sustain the practice herein. Proper practice seems to require that Meffert resort to section 193 of the Civil Practice Act on the theory that Amory is not a party to the action and, therefore, should be brought in by a supplemental summons in accordance with that section.

The foregoing is in accord with *Joy* v. *White* (22 Abb. N. C. 304; 6 N. Y. Supp. 571). There a situation in part akin to that involved herein arose under section 521 of the Code of Civil Procedure, the counterpart of section 264 of the Civil Practice Act. It likewise is in accord with *Kay* v. *Whittaker* (44 N. Y. 565, 576). There the court (per EARL, C.) was considering section 274 of the Code of Procedure, predecessor of section 1204 of the Code of Civil Procedure, which is the counterpart of section 474 of the Civil Practice Act, in reference to a court determining ultimate rights between defendants and giving affirmative relief in a proper case. After referring to the section mentioned and holding it was not available to sustain the practice therein pursued, the court said: " * * * and it seems to me that defendants can have relief against each other *only in a case in which they have appeared and answered, in reference to the claim made against them by the plaintiff*, and as a part of the adjustment of that claim, and that it must be based upon the facts involved in, and brought out by the litigation * * * of that claim. In such a case, all the parties being before the court, and all having been heard, * * * the rights as between plaintiffs and defendants not only, but as between the parties on either side, can be adjusted." (Cases cited.)

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., YOUNG and TOMPKINS, JJ., concur; SCUDDER, J., dissents, with separate opinion.

SCUDDER, J. (dissenting). Plaintiff sued to recover upon a promissory note made by Amory Browne & Company, 1928 Firm

of Boston, Massachusetts, of which firm defendants had been partners. The firm has been dissolved. Defendant, respondent, Meffert resides in this State and has been duly served with the summons and complaint. Defendant, appellant, Amory resides in Massachusetts and was not served with the summons and complaint, and did not appear in the action by attorney or otherwise.

The pleadings indicate that Meffert's defense relates not only to plaintiff's alleged claim, but also constitutes a counterclaim as against Amory, and that the entire transaction, as alleged in the complaint and Meffert's answer, constitutes one interrelated business transaction. In this respect the case differs from *Kay* v. *Whittaker* (44 N. Y. 565), where the matters set up by one defendant against his codefendant " have nothing whatever to do with the plaintiff or his claim. They are the facts for an independent litigation   *   *   *   and should not be permitted to embarrass this action." That case, in my opinion, is not an authority for appellant's contention here.

Meffert has personally served his answer upon Amory in this State. The latter contends there is no authority for such practice. It seems to be generally conceded that if there is any authority for the practice adopted, it is found in section 264 of the Civil Practice Act.

With the object of avoiding a multiplicity of suits, the framers of the Civil Practice Act provided for bringing third persons into an action as parties by court order (Civ. Prac. Act, § 193, subd. 2), and permitted a defendant to serve his answer upon a codefendant (Civ. Prac. Act, § 264).

In the instant case we are confronted with the proposition whether or not Amory, who was not served with the summons and complaint and did not appear in the action, can be served by Meffert with the latter's answer, and thus be brought into the action. The present facts clearly indicate that the issues may be tried in one action, and in my opinion should be so tried if violence is not done to our established practice rules.

I differ with my associates, who think *Joy* v. *White* (6 N. Y. Supp. 571; 22 Abb. N. C. 304) is an authority for Amory's contention. In that case one defendant sought to bring in a codefendant who resided in Massachusetts and had no attachable property in this State. An order was made to serve the answer upon the Massachusetts defendant by mailing. It is apparent no jurisdiction of such defendant could be obtained by that method.

Under section 264 of the Civil Practice Act, if the ultimate rights of Meffert and Amory may be determined as between themselves by the judgment in this action, Meffert had a right to serve

Amory if the latter had appeared herein by attorney. The section reads that in such case service of the answer must be made " upon the attorney for each of the defendants to be affected by the determination." It then goes on, " and personally * * * upon defendants so to be affected who have not duly appeared therein by attorney." As I read this phrase, it does not presuppose service of the summons and complaint on the defendant sought to be brought in. The words " who have not duly appeared " indicate a defendant who has not been served with the summons and complaint and, therefore, has not appeared by attorney.

To sustain appellant Amory's contention, it must be held that a person named as defendant, but not served with the summons and complaint, is not a " defendant." That such contention is erroneous is indicated by section 815 of the Civil Practice Act, relating to an arrest, injunction and attachment, where the language is " either before or after the defendant's appearance." In section 826, " A defendant may be arrested " in certain stated cases. In section 833, " Where a specific allegation in the complaint is necessary * * * to an arrest of the defendant." In section 877, " Where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant." Section 180 provides for the dismissal of the complaint in the court's discretion, as against the defendant served, where the plaintiff unreasonably neglects to serve one of two or more named defendants, " without whose presence a complete determination of the controversy cannot be had."

In all these sections and others in the Civil Practice Act there is no distinction between a defendant named and not served and one that is served. A defendant named as such is a " defendant," served or not served. Any other nomenclature, in my opinion, would lead to great confusion.

If the service of the answer upon Amory was improper and he may not, therefore, be brought into this action, and if he could not be brought into the action under section 193, which only permits a party to bring in another person as a party when the latter is not named as a party defendant, what relief would Meffert have against Amory except by a separate action? If such separate action were brought, I have no doubt that under the present pleadings the actions could be consolidated and tried together. In other words, the parties by a roundabout method would arrive at the same result which Meffert seeks, and our theory of practice to avoid unnecessary litigation would be defeated.

I conclude that the Civil Practice Act does not contemplate

such circuitous proceeding and that under section 264 of the Civil Practice Act the order should be affirmed.

For the reasons stated, I dissent from the majority decision of my associates.

Order denying motion to vacate service of answer reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.