ROBBINS, et al. *v.* BERRY.

Division A. Sept. 25, 1950.

No. 37550 (47 So. (2d) 846)

Edwards & Edwards, for appellants.

Dan E. Breland, for appellee.

**Smith, J.**

The appellee filed her bill in the chancery court of Simpson County, seeking to cancel a deed by her de-

ceased husband conveying the alleged homestead of seventy-one acres, without her signature, to the appellant Harvey Robbins. The original bill also seeks the cancellation of a similar deed from Robbins to appellant, J. D. Berry, for the same land; and the deed therefor from the said Berry to appellant, G. C. Van Zandt, who with his wife, appellant Gertie Van Zandt, executed an oil, gas and mineral lease to one Gholson, who in turn assigned the same to the Lion Oil Company. None of said instruments were signed by Mrs. Berry, the appellee, but all were duly recorded. It is charged that such instruments constituted a cloud on the title of appellee, all of the children of herself and her deceased husband having, since his death, conveyed their interest therein to her.

The issue involved was whether or not the seventy-one acres was the homestead, under the law, requiring the wife's signature to the conveyance thereof. It was sharply controverted. However, in view of the conclusion we have reached, it is unnecessary to set out the facts relating thereto.

It will be observed that, if the conveyances be cancelled, the oil, gas, and mineral lease to Lion Oil Company will fail, since the Van Zandts will have been stripped of their title to the lands, rendering them without right to execute such lease thereon. Therefore, the Lion Oil Company had a vital interest in the outcome of the case. Nevertheless, no process was served on the Oil Company, and they have neither appeared in the case, nor answered. They were not before the trial court, when the decree here was granted, cancelling all of the deeds as prayed in the original bill.

The original bill, after listing the several deeds and the oil, gas and mineral lease as described above, contained this averment: "All of said instruments are now a cloud upon complainant's (the appellee) title, and should be cancelled and held for naught. That all of

said conveyances stem from the alleged deed of 1939 in favor of said Robbins and which deed has no legal effect whatever.''

Furthermore, the original bill prays for an accounting, and charges that ''the annual rent for said land and oil lease has been worth over and above taxes paid by defendants and improvements placed by them thereon. That possession by defendants has been since date of deed in 1939, aforementioned.''

There was no sort of prayer for process on the Lion Oil Company, although that company was specifically listed in the bill as one of the defendants against whom the suit was brought. The prayer was for the cancellation of the deeds. The oil, gas and mineral lease was not made an exhibit to the original bill.

The defendants (appellants here) who answered were the aforementioned Robbins, J. D. Berry, and the Van Zandts. The answer admits the execution of the deeds and the oil, gas and mineral lease as alleged in the bill, and the assignment of the lease to defendant Lion Oil Company, ''but deny that said instruments now cast a cloud upon the title of complainant (appellee) and that the same should be cancelled and held for naught.'' And the right to an accounting is also contested.

By an interlocutory decree, the chancery court cancelled the deeds, upholding appellee's contention that the deed to Robbins from her husband was void, without her signature, also that the title to the controverted land is in the appellee. An appeal to this Court was granted to settle the principles of the case. Accounting was pretermitted to await decision here on the appeal.

Since the Lion Oil Company is shown by the pleadings to be vitally concerned in the title of the Van Zandts, on which its title depends, it was a necessary party to the cause, but has never had its day in court. We cannot know what, if any, defense it may have, but the cause should not have been heard without due and

proper notice to it, and the decree cannot stand in view of its absence. The bill was not dismissed as to it; and no explanation of the failure to serve process on it appears in the record.

This matter was dealt with by us in the case of Dorsey et al. v. Sullivan, 199 Miss. 602, 24 So. (2d) 852. That case involved a final decree, it is true, but ██ ██ the same principle governs both final and interlocutory decrees, such as the one involved here. The rule is set out in Section 556, Griffith's Mississippi Chancery Practice, as follows: "Where there are several defendants, the cause is not ready for trial as to one, until ready as to all of the defendants," citing Kelly v. Brooks, 57 Miss. 225, 227, and Hunt v. Walker, 40 Miss. 590. The question was also before us in the case of Khoury et al. v. Saik, 203 Miss. 155, 33 So. (2d) 616, 618. In our opinion there, we said: "Griffith's Mississippi Chancery Practice, Sec. 624, p. 713, announces the rule to be that: ██ ██ 'It is error to proceed to final decree where one defendant has not been served with process and is not dismissed, or where the suit is not ready for final hearing as to all of the parties, . . .' And, we have announced that a court of equity will not proceed to a final decree as to any defendant until the cause is triable as to all defendants. Dorsey et al. v. Sullivan, 199 Miss. 602, 24 So. (2d) 852. And, we have, furthermore, held that ██ ██ where the decree is void as to one of the necessary parties, it will be vacated as to all. Moore v. Summerville, 80 Miss. 323, 31 So. 793, rehearing denied 80 Miss. 323, 32 So. 294." ██ ██ It will be borne in mind that the decree in the case at bar was, in effect, final as to all issues except the accounting, since it undertook finally to adjudicate the main issue of title.

██ ██ This point was not raised either in the court below apparently, and has not been raised here, but we deem it our duty to raise it ex mero motu, as a plain error. Rule 6, Par. 2, of the Revised Rules of the Su-

preme Court, provides that: "No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified." Of this rule we have held that the option of the Supreme Court will be availed of and it will notice a plain error not assigned, where such error is highly prejudicial. Jones v. Carter, 192 Miss. 603, 7 So. (2d) 519. And, while, ordinarily, the Supreme Court will not raise a question not argued as error, nevertheless, it will do so, if two members of the Court think it ought to be done. Said the Court: "It is permissible under Rule 6 of the Court (161 Miss. 903, 904, Revised Rules of the Supreme Court of Mississippi), which provides, among other things, that the court 'may at its option notice a plain error not assigned or distinctly specified.' " Wright et al. v. Illinois Central R. Co., 196 Miss. 150, 16 So. (2d) 381, 383.

██ Furthermore, we are of the opinion that Gholson, to whom the Van Zandts executed the oil, gas and mineral lease, which he assigned to the Lion Oil Company, is also a necessary party.

In view of what we have said, supra, it follows that the cause must be, and is, reversed and remanded to the lower court for further proceedings.

Reversed and remanded.