BROOM, Justice,
for the Court:
ON MOTION TO DISMISS APPEAL
Interlocutory, not final, and therefore not appealable is what appellees (movants) contend regarding the judgment entered by the lower court against appellants (plaintiffs below): Nadine Long Moak, et al. Appellants’ suit (a tort action growing out of an alleged defect in a bridge) was filed in the Circuit Court of Franklin County against the County Board of Supervisors and certain other named defendants, including County Engineer J. W. Burt and his unknown surety (jointly designated Burt herein). All named parties defendant except Burt were served with process or otherwise entered their appearance. Demurrers were filed by each defendant except *1012 Burt who was not served with process (a summons was issued for Burt) and filed no pleadings. No order relating to Burt or his surety was entered. The demurrers of all other defendants were sustained and from the order sustaining the demurrers the plaintiffs (Moak, et al.) have appealed. Ap-pellees (defendants below) have filed a motion to dismiss the appeal based upon the premise that the order sustaining the demurrers is not an appealable final judgment because no order was entered by the lower court as to Burt.
Mississippi Code Annotated, § 11-51-3 (1972) provides for appeals from final judgments or decrees. In support of their motion to dismiss the appellees rely upon the rule that a judgment does not become final until the case is settled as to all the parties or the court finally disposes of all the issues presented. As authority, they rely upon: Cotton v. Veterans Cab Co., Inc., 344 So.2d 730 (Miss.1977); Southern Saw and Mower Distributors, Inc. v. Dolmar North America Corp., 317 So.2d 400 (Miss.1974); and Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961).
The feature of the present case distinguishing it from the cited cases is that in those cases apparently all those alleged to be parties were properly before the court (by service of process or by voluntary appearance) and the court had jurisdiction over them.[1] In the case at hand, no service of process was ever had on Burt or his surety; they did not make an appearance or waive process. It follows that the court had no jurisdiction over them and therefore could make no judgment as to them. The question to be resolved, then, is whether Burt was a “party” within the purview of § 11-51-3, supra. Inasmuch as Burt was named on the pleadings, appellees (mov-ants) argue that the appellants intended him to be a party making him a party under the statute. Appellants take the opposite view and argue that he was not a party under the statute because jurisdiction over him was never acquired by the trial court.
We hold that the mere naming of a person in a declaration and issuance of process without service thereof does not make him a party to the action in the sense contemplated by § 11-51-3, supra. There is no showing here that Burt was an indispensable party or that process upon him was necessary as a prerequisite to a valid judgment against anyone else. Not having been served with process, and having neither filed any pleadings nor made any appearance, Burt is not a party under the statute. Canton v. Ross, 157 Miss. 788, 128 So. 560 (1930); McPike v. Wells, 54 Miss. 136 (1876); 57 Am.Jur.2d, Parties, § 7. As held by the New York Court:
A person does not become a party to an action by the mere naming of him in the title of the action. Voluntary appearance aside, a person becomes a party to an action only by the service of process upon him. Bennett v. Bird, 237 App.Div. 542, 261 N.Y.S. 540, rearg. den. 238 App.Div. 786, 262 N.Y.S. 907 (1933). [261 N.Y.S. at 542,]. State ex rel. St. Louis Public Service Co. v. McMullan (Mo.) 297 S.W.2d 431, 62 A.L.R.2d 1281 (Mo.1957).
Other cases holding that a motion to dismiss should not be sustained upon facts such as those before us are the following: Dunn v. Law Offices of Ramon R. Alvarez, 119 Ariz. 437, 581 P.2d 282 (App.1978); Stillabower v. Foster, 222 N.E.2d 292 (Ind.App.1966); Clay v. Smith, 208 Ga. 423, 67 S.E.2d 235 (1951); Lefkoff v. Sicro, 189 Ga. 554, 6 S.E.2d 687 (1939); Walker Fertilizer Co. v. Race, 123 Fla. 84, 166 So. 283 (1936); and Halstead v. Olsen, 5 Neb. 112, 97 N.W. 442 (1903).
Significant is the fact that the lower court finalized the proceedings as much as could be done as to the parties legally and properly before it. To follow the thesis suggested by appellees in their motion to dismiss and brief, would allow a party to avoid process and make no appearance of any kind thereby keeping in limbo the destiny of some other litigant, and defeat such *1013 other litigant’s right to appeal a final determination as to all other parties. State Tax Commission v. Clinton, 267 So.2d 312 (Miss. 1972) is not controlling here because in that case the attempted appeal was obviously from an interlocutory order. Robbins, et al. v. Berry, 209 Miss. 422, 47 So.2d 846 (1950) held that a decree should be reversed because the decree concerned an oil lease held by Lion Oil Company which company was not served with process. Validity of the oil lease was in issue for failure of Robbins’ wife to join in a deed signed by him. Clearly, Lion Oil Company was an indispensable party upon the pleadings which is not so of Burt here who is not a necessary or indispensable party to relief against the appel-lees. Language in Robbins, et al. v. Berry that “where there are several defendants, the cause is not ready for trial as to one, until ready as to all the defendants” is dictum and cannot apply as to Burt who is not a necessary or indispensable party. We conclude that the present appeal is not an interlocutory appeal but an appeal of a fi-' nal judgment as to all parties legally before the lower court within the purview of § 11-51-3. Therefore, the motion to dismiss this appeal must be overruled.
MOTION OVERRULED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.

. According to appellants’, brief, had they nonsuited they would have hazarded invocation of the statute of limitations against them.