SUGG, Presiding Justice,
for the Court:
Appellants filed a petition on September 10, 1980 to set aside a decree of the Forrest County Chancery Court rendered on January 2, 1973. The 1973 decree modified a former decree which approved the final account in the Estate of Nan M. Francis and construed her will. The petition named seventeen respondents, one was the administrator of the estate, and the remaining sixteen were the nieces and nephews of decedent who were devisees and legatees under the will.
Four of the nieces and nephews filed special demurrers, three other nieces and nephews filed special appearances and nine did not file any pleadings.
The trial court sustained the special demurrers. We do not address the demurrers because this case must be reversed and remanded for the reason that no process was obtained on nine of the respondents. Where there are several defendants, a case is not ready for trial until ready as to all of the defendants.
In Robbins, et al. v. Berry, 209 Miss. 422, 47 So.2d 846 (1950) we held:
Since the Lion Oil Company is shown by the pleadings to be vitally concerned in the title of the Van Zandts, on which its title depends, it was a necessary party to the cause, but has never had its day in court. We cannot know what, if any, defense it may have, but the cause should not have been heard without due and proper notice to it, and the decree cannot stand in view of its absence. The bill was not dismissed as to it; and no explanation of the failure to serve process on it appears in the record.
This matter was dealt with by us in the case of Dorsey et al. v. Sullivan, 199 Miss. 602, 24 So. (2d) 852. That case involved a final decree, it is true, but the same principle governs both final and interlocutory decrees, such as the one involved here. *384 The rule is set out in Section 556, Griffith’s Mississippi Chancery Practice, as follows: “Where there are several defendants, the cause is not ready for trial as to one, until ready as to all of the defendants,” citing Kelly v. Brooks, 57 Miss. 225, 227, and Hunt v. Walker, 40 Miss. 590. The question was also before us in the case of Khoury et al. v. Saik, 203 Miss. 155, 33 So. (2d) 616, 618. In our opinion there, we said: “Griffith’s Mississippi Chancery Practice, Sec. 624, p. 713, announces the rule to be that: ‘It is error to proceed to final decree where one defendant has not been served with process and is not dismissed, or where the suit is not ready for final hearing as to all of the parties, ... ’ And, we have announced that a court of equity will not proceed to a final decree as to any defendant until the cause is triable as to all defendants. Dorsey et al. v. Sullivan, 199 Miss. 602, 24 So. (2d) 852. And, we have, furthermore, held that where the decree is void as to one of the necessary parties, it will be vacated as to all. Moore v. Summerville, 80 Miss. 323, 31 So. 793, rehearing denied 80 Miss. 323, 32 So. 294" It will be borne in mind that the decree in the case at bar was, in effect, final as to all issues except the accounting, since it undertook finally to adjudicate the main issue of title. (209 Miss, at 425, 426, 47 So.2d at 848).
The trial court should not have heard the special demurrers because the case was not ready for trial as to nine of the respondents who made no appearance and on whom the attempted service of process was void. The fact that the ruling of the trial court on the demurrers resulted in the dismissal of the petition does not take the case out of the operation of the rule because when the trial court considered the special demurrers, the case was not in a posture to proceed against the nine defendants who had not been served with process as next discussed.
Appellants attempted to obtain process on fifteen of the defendants by publication under the provisions of section 13-3-19 Mississippi Code Annotated (1972). In support of process by publication, appellants alleged:
That process should be had on all heirs of Nan M. Francis, deceased, and the Administrator in this Cause, being W. L. Holmes, Jr. of Forrest County, Mississippi, Administrator and the following heirs: Dora Francis James, of Jefferson County, Texas; Sybil Francis Lancaster of King County, Washington; Georgia Francis Whitelaw of Harris County, Texas; Francis James of Jefferson County, Texas; Virginia Borke of Hot Springs, Arkansas; Bobby Lancaster of King County, Washington; Don Francis of Sparten-burg County, South Carolina; Ann Hubbard Gaddis of Bexar County, Texas; Iris Hubbard Mol of Centre County, Pennsylvania; Jimmy Hubbard of Suffolk County, Massachusetts; Jim Al Whitelaw, of Harris County, Texas; Reid Scott White-law of Harris County, Texas; Gene Francis of Caddo County, Oklahoma; Marion Francis Frelander of Galveston County, Texas; Pat Francis of Caddo County, Oklahoma, and Karl Francis of Forrest County, Mississippi, where summons should be had on those in this jurisdiction named above and at their last known address after diligent search and inquiry, as non-residents in Chancery as provided by law.
We have held in numerous cases that when publication of process is resorted to in lieu of personal summons to bring nonresidents before the court, the statute must be strictly complied with. Mosby v. Gandy, 375 So.2d 1024 (Miss.1979); McDuff v. McDuff, 252 Miss. 459, 173 So.2d 419 (1965); Rice, et al v. McMullen, 207 Miss. 706, 43 So.2d 195 (1949); Burns v. Burns, 133 Miss. 485, 97 So. 814 (1923). The allegations contained in the petition did not give the post office and street address of the nonresidents but simply referred to the nonresidents as being of a named county in another state. The averments were totally insufficient to support publication for process against the nine respondents who did not make a voluntary appearance.
*385 We therefore notice plain error and reverse and remand to the trial court for further proceedings. Appeal costs are taxed equally between appellants and ap-pellees.
REVERSED AND REMANDED.
PATTERSON, C. J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.