CITY OF BILOXI *v.* GULLY, STATE TAX COLLECTOR, *et al.*

(Division A. May 9, 1938.)

[180 So. 821. No. 33118.]

**Ford & Ford,** of Pascagoula, for appellant.

May & Byrd, of Jackson, and S. L. McLaurin, of Brandon, for appellees, Gully and Hartford Accident & Indemnity Company.

**W. W. Pierce,** Assistant Attorney-General, for the State of Mississippi, State Auditor of Public Accounts, and State Treasurer, appellees.

Argued orally by **E. J. Ford,** and **J. I. Ford,** for appellant, and by **S. L. McLaurin,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

On February 5, 1936, the appellant exhibited an original bill of complaint against J. B. Gully, state tax collec-

tor, and the surety on his official bond, for the recovery of 20 per cent. commissions alleged to have been wrongfully paid him by the city on municipal taxes collected by it. A demurrer to the bill of complaint was overruled and, on appeal to this court, the decree so doing was reversed and the case remanded (177 Miss. 782, 171 So. 698), the ground of the reversal being that Gully was not personally liable to the city for the commissions paid to him by virtue of his office, and by him paid into the state treasury; and there being no allegation that the money had not been paid by him into the state treasury, the court would presume that he had discharged his duty relative thereto, and had paid the money into the state treasury. The opinion then rendered states the case more fully than will be here done, and must be read in connection with this opinion for a correct understanding thereof.

On return of the case to the court below an amendment was made to the bill of complaint, from which the following appears, in substance: In 1935, when Gully had these commissions under his control, a demand was made on him for the repayment thereof, but he refused so to do. On January 20, 1936, Gully made the following application to the auditor for permission to pay money into the state treasury:

"To the Auditor of Public Accounts:

"Sir—I have the honor to apply for a receive warrant to pay into the State Treasury, the sum of Fifteen Thousand Five Hundred Twenty-three......$15.523.15 ......and 15/100 Dollars. KIND OF TAX OR FEE: Being the balance of the 20% commission collected by this office for the term from January 18, 1932, to January 20, 1936, and to be held in special account to pay outstanding obligations and liabilities, absolute and contingent, accrued during above term. Credit Account: J. B. Gully, State Tax Collector's Special Commissions Account.

"Yours truly,
"[Signed]    J. B. Gully, State Tax Collector."

The auditor issued to him the following receipt warrant:

"Received of J. B. Gully, State Tax Collector, $15,-523.15, Fifteen Thousand Five Hundred Twenty-three & 15/100 Dollars on account of J. B. Gully, State Tax Collector's Special Commission Account. Transfer from old account to special account, and for so doing this shall be your warrant. Given under my hand and seal of office, this the 20 day of January, 1936. This receive warrant must be presented to the State Treasurer on the day of issuance. "To the State Treasurer.

"Carl N. Craig, Auditor Public Accounts,
"By R. H. Steele, D. A."

This receipt warrant was delivered to the treasurer, and the following receipt was issued by him to Gully:

"Received of J. B. Gully, State Tax Collector, $15,-523.15. The sum of Fifteen Thousand Five Hundred Twenty-three & 15/100 Dollars in full of Auditor's receipt warrant (of like number and date as this receipt), in his favor on account of J. B. Gully, State Tax Collector's Special Commission Account. Transfer from old account to Special Account. Given under my hand and seal of office the 20 of January, A. D. 1936.

"State Treasurer, By Newton James."

The state auditor and treasurer and the state itself were made parties defendant to the amended bill of complaint, and its prayer is for either (1) a personal judgment against Gully and his bondman; or (2) an order directing Gully, by requisition through the auditor, to withdraw from the treasury a sufficient amount of the money paid thereinto by him for the payment of the commissions here in question, and to apply the same to the payment thereof; or (3) an order directing the auditor to issue, and the treasurer to pay, a warrant on the treasury for the amount of the commissions here sought to be recovered by the appellant.

A demurrer to the amended bill of complaint was sustained and the cause dismissed.

It is the duty of the state tax collector, on the expiration of his term of office, to pay into the state treasury the balance remaining of all commissions collected by him during the term, after deducting therefrom his office expenses, including his own salary, whether the commissions were collected "in the proper performance of his official duties, or otherwise," section 2915, Code of 1930, and when so paid into the treasury this money becomes a part of the state's general fund. White v. Miller, 162 Miss. 296, 139 So. 611.

On January 20, 1936, the term of Gully's office, during which the commissions here in question were collected, had expired; and he then applied to, and obtained permission from, the auditor to pay into the state treasury the sum of $15,523.15, "being the balance of the 20% commission collected by this office for the term from January 18th, 1932, to January 20th, 1936." This permission the auditor gave by issuing to him a receipt warrant, which was presented to, and acted on by, the state treasurer. Gully was without the right to pay this money into the treasury conditionally; consequently, the request by him in his application to the auditor, that the money "be held in special account for outstanding obligations and liabilities, absolute and contingent, accrued during above term," was of no legal efficacy; as also was the attempt of the auditor and the treasurer to comply therewith. The money became, and is, a part of the general fund of the state treasury.

It follows, therefore, from our former opinion herein, that this suit cannot be maintained against Gully and his bondman, and the money having been paid into the general fund of the treasury, we are without authority to direct the auditor to issue a warrant on the treasury therefor, no statute so authorizing having been called to our attention.

The appellant requests that in event the decree of the court below be affirmed the case "be remanded with leave to file an amended bill." The ground of this re-

quest is that twenty-four days after the decree was rendered the appellant applied for, but was refused, an interlocutory appeal under section 14, Code 1930. One sufficient answer to this request is that the decree appealed from is a final and not an interlocutory decree, and it does not appear that when the demurrer was sustained any request was made for leave to again amend the bill of complaint.

Affirmed.