UNITED STATES FIDELITY & GUARANTY CO. *v.* RICE, ATTORNEY-GENERAL.

(Division A. Jan. 9, 1939.)

[185 So. 563. No. 33487.]

(Division A.  Feb. 20, 1939.)

[186 So. 620.  No. 33487.]

**J. A. Covington, Jr.**, of Meridian, for appellant.

**W. W. Pierce,** Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is a suit on the official bond of Harry West, as Sheriff of Lowndes County, on which the United States Fidelity and Guaranty Company is surety. The bill of complaint alleges that West, on the allowance of the board of supervisors of Lowndes County, received from the county treasury payment for various services rendered by him to the county as sheriff in excess of what the governing statutes permitted. The suit is for the recovery of this excess. The condition of the bond sued on is: "That if the said Harry West as Sheriff shall well and faithfully perform all the duties of his said office, then

this obligation to be void, otherwise to remain in full force and effect," as provided by Section 2888 of the Code of 1930. A demurrer by the surety to the bill of complaint was overruled and the case proceeded to trial and resulted in a judgment in accordance with the prayer of the bill. The surety only appeals. The exact question presented was decided in Furlong v. State, 58 Miss. 717, wherein the court held that the presentation to the board of supervisors by a sheriff of claim for the payment of money alleged to be due him by a county, and the collection from the county by him thereof "was an individual, and not an official act; the exercise of a right given, not the performance of a duty imposed by the statute," and therefore not within the coverage of his official bond.

But the appellee says that Section 2915 of the Code of 1930, not in existence when that case was decided, requires a contrary holding. That section provides that: "Any officer, state, county, municipal or district, or any other custodian of public funds or property, who shall improperly withhold same from the state or county treasury or other authority whose duty it is to receive same, or who shall fail to turn property over to the proper custodian, or who shall in anywise be in default as to any money or property held by him as a public official in this state, or in any other capacity as custodian of such funds or property, which may come into his hands by virtue of his official position, whether in the proper performance of his official duties, or otherwise, shall be liable on his bond for all cost of collection or recovery of money or property, including in such costs the commissions, if any, of the state tax collector or the attorney-general, and all other costs connected therewith, including interest on funds improperly withheld, for such time as such funds have been withheld, and reasonable rental and damages where property belonging to the public is so withheld." The funds or property for which this statute requires a

public officer to account are such as "come into his hands by virtue of his official position, whether in the proper performance of his official duties, or otherwise." The money herein sought to be collected did not come into the sheriff's hands, as pointed out in Furlong v. State, supra, by virtue of his office, properly or otherwise. Had he, when having money in his hands belonging to the county, deducted therefrom money claimed to be due him by the county and paid the remainder over to it, a different question would be presented. This of course does not mean that the sheriff himself is not chargeable with overpayments made to him, but only that he is liable therefor individually and not on his official bond. An illustration of the meaning and application of this statute appears in Gully v. City of Biloxi, 177 Miss. 782, 171 So. 698.

The decree of the court below will be reversed, but only insofar as it affects the United States Fidelity & Guaranty Company, and the bill of complaint will be dismissed as to it.

So ordered.

**Smith, C. J.,** delivered the opinion of the court on suggestion of error.

The appellee sued in the chancery court on the official bond of West, Sheriff of Lowndes County, on which the United States Fidelity and Guaranty Company is surety, and was awarded a decree against both West and his surety for the sum of $2,088.30. The surety company only appealed.

On a former day of this term the decree was reversed, insofar as it affects the United States Fidelity and Guaranty Company, and the bill of complaint was dismissed as to it. The appeal bond contained a supersedeas clause and was in the following language: "The condition of the foregoing obligation is such that whereas in the Chancery Court of Lowndes County, Mississippi, a judgment

or decree was rendered against H. G. West and the United States Fidelity & Guaranty Company in favor of Greek L. Rice, Attorney-General, at the regular April Term 1938 on April 12, 1938, and the said United States Fidelity & Guaranty Company feeling aggrieved by said judgment or decree was prayed and obtained an appeal to the Supreme Court. Now, if the said United States Fidelity & Guaranty Company shall satisfy the judgment or decree complained of and also such final judgment or decree as may be made in the cause and all costs, if the same be affirmed, then this obligation to be void; otherwise to remain in full force and effect."

The appellee now suggests that we erred notwithstanding the reversal of the decree of the court below insofar as it affects the United States Fidelity and Guaranty Company, in not rendering a judgment against that company for the amount of the decree rendered in the court below. The reason given thereof is that this bond superseded the decree, which decree remains in full force and effect against West. We committed no error in not rendering such a judgment. The bond was conditioned exactly as required by Section 29, Code of 1930. Section 22 of that Code provides that any party to a judgment or decree may appeal therefrom; "and if all the parties to a judgment or decree do not join in the appeal, the clerk of the court from which the appeal is taken shall issue a summons, when the appeal is taken, to such as do not join in the appeal to appear before the Supreme Court, at the return term of the appeal, and unite in the appeal; and if they fail to obey the summons, they shall not afterward have the right of appeal, and the judgment or decree of the court below shall remain in full force against them."

Summons was here issued for West to join in the appeal and he failed so to do. Had he desired to join in the appeal, it would have been necessary for him to give the required bond therefor. Wilkinson v. Love, 149 Miss.

523, 115 So. 707. When he failed to join in the appeal, the decree against him remained in full force and effect, and the appellee had the right to proceed against him thereon.

The condition of the bond and the requirement of Section 29, Code of 1930, is that the judgment or decree appealed from shall be satisfied "if the same be affirmed." The decree here appealed from was not affirmed but was reversed as to the appellant, and because of what has hereinbefore been said it remained in effect against West unaffected by the appellant's appeal.

Overruled.