MAXWELL, J.,
for the Court:
¶ 1. Deutsche Bank National Trust Company initiated a foreclosure action in the Warren County Chancery Court and attempted to serve Angela Turner by publication. But before doing so, it neither certified Turner was a non-resident of Mississippi nor alleged she could not be located in the state after a diligent inquiry. Because we find service of process did not strictly comply with the governing rules, we reverse the chancellor’s refusal to set aside the default judgment she entered on behalf of Deutsche Bank when Turner did not respond. We remand the case for further proceedings.
FACTS
¶ 2. Turner obtained a real-estate loan to refinance property in Vicksburg, Mississippi. She executed a promissory note for $58,480 and a deed of trust to the trustee of Argent Mortgage Company, LLC. Argent Mortgage assigned the deed of trust and note to Deutsche Bank.
¶ 3. After Turner became delinquent on her payments, Deutsche Bank filed suit to confirm title to the property and authorize a foreclosure sale. Deutsche Bank also sought to amend the deed of trust to include the mobile home on Turner’s lot in the legal description of the property.
¶ 4. Deutsche Bank attempted to have Turner served with process by the sheriffs department but was unsuccessful. A dep *338 uty sheriff returned the unexecuted summons to the clerk marked “unable to serve.” Deutsche Bank then had a summons published in the Vicksburg Post for three consecutive weeks. However, it neither filed a sworn statement that Turner was a nonresident or that it had made a diligent inquiry to find her.
¶ 5. When Turner failed to respond, Deutsche Bank moved for a default judgment, which the chancellor granted. The judgment confirmed title in the note and deed of trust to Deutsche Bank, reformed the legal description of the property in the deed of trust to include the mobile home, and authorized a foreclosure sale to proceed.
¶ 6. Several months later, Turner moved to set aside the default judgment because she had not been properly served with process. The chancellor denied Turner’s motion and her subsequent motion to reconsider. She now appeals.
STANDARD OF REVIEW
¶ 7. We will not disturb a chancellor’s findings of fact “unless the chancellor’s decision is manifestly wrong or unsupported by substantial evidence.” Bougard v. Bougard, 991 So.2d 646, 648 (¶ 12) (Miss.Ct.App.2008) (citation omitted). But “[w]hen reviewing questions concerning jurisdiction, this court employs a de novo review.” Sanghi v. Sanghi, 759 So.2d 1250, 1252 (¶ 7) (Miss.Ct.App.2000). Sufficiency of process is a jurisdictional issue, which we review de novo. See Clark v. Clark, 43 So.3d 496, 499 (¶9) (Miss.Ct.App.2010).
DISCUSSION
¶ 8. The issue before us is whether Deutsche Bank’s attempted service by publication was sufficient where it failed to certify that Turner was a nonresident or, after a diligent inquiry, could not be located in Mississippi. If service of process was deficient, the default judgment entered against Turner is void and must be set aside. See Caldwell v. Caldwell, 533 So.2d 413, 417-18 (Miss.1988); Clark, 43 So.3d at 501 (¶ 21) (citing Morrison v. Miss. Dep’t of Human Servs., 863 So.2d 948, 952 (¶ 13) (Miss.2004); Soriano v. Gillespie, 857 So.2d 64, 69-70 (¶ 22) (Miss.Ct. App.2003)).
¶ 9. Deutsche Bank attempted to serve Turner by publication under Rule 4(c)(4), which provides for situations where the defendant cannot be found within the state. Publication of the summons must be made once a week for three consecutive weeks in the public newspaper of the county if one exists, as in our case. M.R.C.P. 4(c)(4)(B). But service by this method is only permitted “[i]f the defendant ... be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a nonresident of this state or not to be found therein on diligent inquiry.” M.R.C.P. 4(c)(4)(A).
¶ 10. The affidavit or sworn complaint must also state the defendant’s post-office address, if known, or swear that it could not be determined after a diligent inquiry.[1] Id. If the post-office address is listed, the sworn petition or affidavit must further provide the defendant’s street address or that it could not be determined after a diligent inquiry. M.R.C.P. 4(c)(4)(B). And if the plaintiff provides a post-office address, the clerk must mail the defendant (by first-class mail, postage pre-paid) a copy of the summons and complaint to his post-office address, and note having done *339 so on the general docket. M.R.C.P. 4(c)(4)(C).
¶ 11. Although Deutsche Bank published a summons in the newspaper for three consecutive weeks and filed proof of the publication, Deutsche Bank did not comply with Rule 4(c)(4)(A). It is undisputed that Deutsche Bank never filed a sworn petition or affidavit attesting that Turner was a nonresident or could not be found in Mississippi after a diligent inquiry. Therefore, it follows that Deutsche Bank did not comply with any of the remaining requirements for information that must be included in the petition or affidavit.
¶ 12. “The rules on service of process are to be strictly construed. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition.” Kolikas v. Kolikas, 821 So.2d 874, 878 (¶ 16) (Miss.Ct.App.2002) (internal citation omitted). Actual notice does not cure defective process. See, e.g., Mosby v. Gandy, 375 So.2d 1024, 1027 (Miss.1979). “Even if a defendant is aware of a suit, the failure to comply with rules for the service of process, coupled with the failure of the defendant voluntarily to appear, prevents a judgment from being entered against him.” Sanghi, 759 So.2d at 1257 (¶ 33).
¶ 13. In Kolikas, we found a chancellor erred in failing to set aside a divorce decree, where the plaintiff attempted service by publication without strictly complying with the requirements of Rule 4(c)(4). Ko-likas, 821 So.2d at 879 (¶32). We observed that a defendant is “under no obligation to notice what is going on in a cause in court against him, unless the court has gotten jurisdiction of him in some manner recognized by law.” Id. at 878 (¶ 17).
¶ 14. The Kolikas majority found service deficient because, although a summons was published in the newspaper for three consecutive weeks, neither the clerk nor the plaintiff mailed the defendant a copy of the summons and complaint to his last known address. Id. at 879 (¶¶ 17, 32).[2] This deficiency violated Rule 4(c)(4)(C), which provides that if the defendant’s post-office address is provided, the clerk must mail a copy of the summons and complaint to that address (and to note having done so on the general docket). We found failure to comply with this rule was reversible error. See id.
¶ 15. We need not reach the rule violated in Kolikas because Deutsche Bank violated the more preliminary requirement that it file a sworn petition or affidavit. In the petition or affidavit, the plaintiff must certify to the court, among other things, that the defendant is a nonresident or cannot be found in Mississippi. From a straightforward application of Rule 4(c)(4), we find Deutsche Bank’s attempt to serve Turner fell far short of the required notice. And since Turner did not voluntarily appear to defend against the foreclosure suit, the chancery court did not acquire jurisdiction to enter a judgment against her.
¶ 16. This conclusion is supported by the supreme court’s decision in Caldwell. Caldwell, 533 So.2d at 415. There, the supreme court noted that Rule 4(c)(4)(A) was substantially the same as the statute in place before the adoption of the Mississippi Rules of Civil Procedure. Id. The Caldwell court found instructive and quoted favorably a pre-rules treatise’s comment that “[a]n affidavit to support process by publication must strictly comply with the statute and if it omit[s] averment of diligent inquiry it is insufficient.” Id. at *340 416 (quoting Griffith, Mississippi Chancery Practice, Bobbs-Merrill Company, Inc. 225-27 (1925)). And “where notice by publication is resorted to ... as a basis for the jurisdiction of the court, in lieu of personal summons!,] all the requirements of the statute as to such notice must be strictly complied with[.]” Id. at 415 (emphasis added). Rule 4(c)(4)(A) is equally clear that the plaintiff must attest that he has performed a diligent inquiry before performing service by publication. It is no less true today that a sworn averment of diligent inquiry must be made to effectuate proper service by publication.
¶ 17. Deutsche Bank relies on a 1922 Arizona case to claim the failure to file a sworn affidavit or statement does not render process by publication deficient or the judgment void. Noonan v. Montgomery, 24 Ariz. 311, 209 P. 302 (1922). But Noo-nan neither binds this court nor supports the proposition for which it is cited. Noo-nan sheds no light here, since the Arizona plaintiff, unlike Deutsche Bank, actually filed a sworn affidavit attesting to performing an inquiry of the defendant’s whereabouts. Id. at 305.
¶ 18. After conducting a hearing, the chancellor denied Turner’s motion to set aside finding “the court does not find a lack of process.” The chancellor did not consider Rule 4(c). Instead, she relied solely on a finding in the default judgment that the court had personal jurisdiction over Turner. Another chancellor, Judge Vicki Barnes, who recused herself from the case, had made this finding. And the later assigned chancellor, Judge Jane Weathersby, who considered Turner’s collateral attack on the default judgment, concluded “Judge Barnes would not have had jurisdiction [over] the parties without a finding of valid service of process[.]” Deutsche Bank suggests that this ruling was correct. We disagree. Indeed, the entire purpose of Mississippi Rule of Civil Procedure 60(b) would be subverted if a chancellor could simply rely on a prior finding of jurisdiction and disregard whether there has been a showing that Rule 4 was violated.
¶ 19. Rule 60(b) provides that the court may reheve a party from a final judgment if one of the stated conditions is met. One such condition exists where “the judgment is void.” M.R.C.P. 60(b)(4). Our supreme court has held that “[a] court must have ... proper service of process ... in order to enter a default judgment against a party. Otherwise, the default judgment is void.” McCain v. Dauzat, 791 So.2d 839, 842 (¶ 7) (Miss.2001) (internal citation omitted). Although “[t]he grant or denial of a 60(b) motion is generally within the discretion of the trial court, ... [i]f the judgment is void, the trial court has no discretion. The court must set the void judgment aside.” Soriano, 857 So.2d at 69-70 (¶ 22).
¶ 20. Because service of process in this case failed to comply with Rule 4(c), we find the default judgment entered against Turner is void. Caldwell, 533 So.2d at 417-18 (finding judgment void for defective process by publication). Thus, the chancery court erred in refusing to set the void judgment aside under Rule 60(b). We reverse and remand for further proceedings in which Deutsche Bank will have the opportunity to serve Turner with process.[3]
¶ 21. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS REVERSED, AND THIS *341 CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.

. Rule 4(c)(4)(A) contains an alternative requirement if the affidavit is made by a third party, rather than the plaintiff.

. The dissenting opinion did not disagree that service was defective but found an estoppel issue controlled the disposition. Kolikas, 821 So.2d at 881-82 (¶¶ 44-45, 48) (Chandler, J„ dissenting).

. We note that Turner’s argument that Deutsche Bank possessed unclean hands is an equitable defense to the merits of this lawsuit.
This is an issue for the chancery court to consider on remand.