# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00136-COA

**CHRIS A. WHARTON**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI EX REL. PEARL**                                **APPELLEE**
**POLICE DEPARTMENT**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2019 |
| TRIAL JUDGE: | HON. JOHN H. EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL CLINTON MARTIN |
| ATTORNEYS FOR APPELLEE: | MICHAEL SHELTON SMITH II |
| | CHRISTOPHER TODD McALPIN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/11/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. On September 10, 2019, the Pearl Police Department seized $408,658.00 that was shrink wrapped in several bundles and stored in a duffle bag in the trunk of the vehicle. On September 17, 2019, the State filed a petition for forfeiture and issued summons to Wharton by certified mail and by publication. On November 12, 2019, the State filed an application for entry of default, and the clerk filed an entry of default against Chris Wharton. On November 13, 2019, the State filed a motion for default judgment. On November 14, 2019, the trial court entered an order granting default judgment. That same day, Wharton filed his answer to the petition for forfeiture.

¶2.    On November 27, 2019, Wharton filed a motion to set aside the default judgment, arguing that the State failed to properly serve him.  A hearing was held, and on January 8, 2021, the trial court denied Wharton's motion to set aside the default judgment.  Wharton appealed, arguing (1) the trial court erred in denying his motion to set aside default judgment because he was not properly served, and (2) the trial court erred in denying his motion to dismiss and return property. Finding that the State failed to comply with Rule 4 of the Mississippi Rules of Civil Procedure in its attempt to serve process, we reverse the default judgment and remand the case to the Circuit Court of Rankin County.

**FACTS**

¶3.    On September 10, 2019, the Pearl Police Department conducted a traffic stop and searched Wharton's vehicle.  During the search, officers seized $408,658.00 that was "shrink wrapped in seven . . . separate bundles in a large duffle bag in the trunk of the vehicle." Shortly "after the seizure but before the State's filing of a petition, . . . counsel for Wharton reached out to members of the District Attorney's Office inquiring about the seizure and potential forfeiture proceedings."[1]

¶4.    On September 17, 2019, the State filed a petition for forfeiture.  In the petition, the State claimed, "[T]he Defendants and subject matter of this action is as follows: Four Hundred Eight Thousand Six Hundred Fifty-Eight Dollars ($408,658.00) . . . which is subject to forfeiture . . . having been used or intended to use in violation of the Mississippi Uniform

---

[1] The two affidavits by assistant district attorneys Joey Mayes and Todd McAlpin were attached to the "State of Mississippi's Supplemental Brief in Further Support of Response in Opposition to Motion to Set Aside Default Judgment" confirmed counsel for Wharton had contacted the district attorney's office before the forfeiture petition was filed.

2

Controlled Substances Law." The State requested that process be served upon Wharton and that the property be forfeited to be used or disposed of according to law.

¶5. On September 17, 2019, a summons was issued to Wharton via certified mail with restricted delivery to a Georgia post-office address.[2] A summons was also published in the Rankin County News for three consecutive weeks. The State provided the affidavit of Marcus Bowers, the publisher for *Rankin County News*, to prove that a copy of the summons was published in the newspaper for those weeks.[3] The dates were September 25, 2019, October 2, 2019, and October 9, 2019. The affidavit also included an attachment of the summons that was published. That summons did not include the known address of Wharton, despite the State having such an address.

¶6. On September 25, 2019, Wharton's attorney met with the Madison County District Attorney's Office to discuss the "circumstances surrounding the seizure of [Wharton's] property". At the time of this meeting, Wharton was allegedly unaware that a petition had been filed. After this meeting, Wharton's attorney began communicating with the City of Pearl. Brendan Sartin, an attorney for the City of Pearl, stated in his affidavit attached to the State's "Supplemental Brief in Further Support of Response in Opposition to Motion to Set Aside Default Judgment" that Wharton's attorney contacted him to ask about the forfeiture proceedings. Sartin informed Wharton's attorney that he (Sartin) did not handle forfeiture

---

[2] It is not clear from the record how or when the State obtained Wharton's post-office address.

[3] The summons named Chris Wharton and the "Unknown Owner" of the money seized.

cases and directed Wharton's attorney to the Rankin County District Attorney's Office. On November 4, 2019, Wharton's attorney "contacted the State of Mississippi . . . and was advised that the thirty . . . days to file an answer had passed." The State "advised" that it would give Wharton until Friday, November 8, 2019, to file his answer. Wharton failed to provide an answer by that date. Additionally, Wharton's attorney did not file an entry of appearance.

¶7.    On November 12, 2019, the State filed an application for entry of default. The State attached the affidavit of Assistant District Attorney Todd McAlpin to its application. In that affidavit, McAlpin stated that the petition for forfeiture was filed on September 17, 2019, and a summons was issued for Wharton. He stated that "a true and correct copy of the summons was published on September 25, 2019, October 2, 2019, and October 9, 2019." McAlpin stated that "More than thirty . . . days have elapsed since the date the Summons was first published as to Chris A. Wharton . . . ." Additionally, McAlpin stated that Wharton failed to answer or "otherwise defend as to the petition."

¶8.    On November 12, 2019, the clerk filed an entry of default against Wharton. On November 13, 2019, the State filed a motion for default judgment as to Wharton. The original answer was filed on November 13, 2019. That was one day after the Clerk's entry of default and one before the Court's entry of a default judgment. The docket sheet notes the original answer had the "incorrect court listed" and that the "attorney" had been "advised to re-file." The next docket entry indicates that an "amended answer" was filed on November 14, 2019, although that particular document is entitled "Answer to Complaint for Forfeiture."

4

¶9.     On November 14, 2019, the trial court entered an order granting the State's motion for default judgment. The court found that Wharton had been "duly served with the Summons" and "failed to plead or otherwise defend." Further, the court specifically noted that Wharton had "taken no proceedings since default was entered." The trial court ordered that the property be forfeited to the State.

¶10.    On November 27, 2019, Wharton filed a motion to set aside the default judgment. Wharton stated, "[O]n November 26, 2019, the undersigned checked the MEC filing system, and discovered that this Court had entered its order granting motion for default." Wharton also stated that "[n]otice was not provided to [him] at the time of the filing of the Order." Wharton stated he would suffer prejudice from the default judgment and argued that the State, failed to serve him with process. On January 8, 2021, the trial court entered an order denying Wharton's motion to set aside default judgment.[4]

¶11.    Wharton appealed, arguing (1) the trial court judge erred in denying his motion to set aside default judgment for lack of service of process, and (2) the trial court erred in denying his motion to dismiss and return property.[5] Upon review of the record, this Court finds that the State failed to comply with Rule 4 of the Mississippi Rules of Civil Procedure in its attempt to serve process. Therefore, the trial court's grant of default judgment should be set aside, and this case should be remanded to the trial court.

---

[4] On October 6, 2020, a notice of hearing was issued. However, a court reporter was not present for the hearing, so the record contained no transcript.

[5] We decline to address the second issue because the service of process issue is dispositive.

## ANALYSIS

**1.      The State's request to dismiss this appeal due to Wharton's brief being file two days late is denied.**

¶12.    First, as a preliminary matter, the State argues that Wharton's appeal should be dismissed because he failed to timely file his brief. The single record on appeal was filed on May 17, 2021. That same day, the Office of the Clerk for the Supreme Court of Mississippi and the Mississippi Court of Appeals sent a letter to "All Counsel of Record," notifying both parties that "the Appellant's brief and excerpts are due within forty . . . days of the date of this letter." (Emphasis omitted). The deadline for Wharton to file his brief was June 28, 2021. Wharton failed to file a brief. The Office of the Clerk issued a Show Cause Notice on July 6, 2021. On July 6, 2021, Wharton moved for a thirty-day extension to file his brief. That extension was granted, creating a new deadline of August 5, 2021. On August 5, 2021, Wharton requested an additional twenty-day extension of time. The Supreme Court granted that motion and set a new deadline of August 25, 2021. On August 26, 2021, Wharton moved for a ten-day extension to submit his brief. That motion was also granted, and a new deadline of September 7, 2021 was set. On September 9, 2021, two days after the third extended deadline, Wharton filed his brief.

¶13.    Mississippi Rule of Appellate Procedure 31(b) states that the "appellant **shall** file the appellant's brief within 40 days after the date on which the record is filed." (Emphasis added). "If an appellant fails to file the appellant's brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee or on the Supreme Court's own motion as provided in Rule 2." M.R.A.P. 31(d). Rule 2 of the

6

Mississippi Rules of Appellate Procedure states that when "dismissal may be warranted under this Rule . . . the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency." M.R.A.P. 2(a)(2). The party in default has fourteen days to "correct the deficiency" after he receives notice. *Id*.

¶14. Wharton's case is almost identical to *Green v. Allendale Planting Co.*, 954 So. 2d 1032 (Miss. 2007). Green timely filed a notice of appeal, and later, filed a motion for an extension of time to file his appellate brief. *Id*. at 1036 (¶6). The supreme court granted the extension, but Green filed his brief two days late. *Id*. Before the Mississippi Supreme Court could address the merits of Green's appeal, the court determined whether Green's appeal should be dismissed because of his failure to timely file his brief. *Id*. The supreme court noted that Rule 31 of the Mississippi Rules of Civil Procedure states that the failure to timely file a brief may result in dismissal of an appeal. *Id*. The court also noted that Rule 2 of the Mississippi Rules of Appellate Procedure requires the clerk of the supreme court to provide written notice to the defaulting party, and after receiving notice, that party has fourteen days to "correct the deficiency. *Id*. (quoting M.R.A.P. 2(a)(2)). The court found that Green had never received written notice of his alleged default. *Id*. at (¶7). Additionally, the court stated that "Green's brief was filed only two days after the deadline, and according to Rule 2(a)(2) of the M.R.A.P., well within the fourteen days this Court gives a party to correct a deficiency." *Id*. The supreme court did not dismiss the appeal and considered the case on the merits. *Id*.

¶15. In the present case, Wharton moved for three extensions of time. The Mississippi

7

Supreme Court ultimately set Wharton's filing deadline for September 7, 2021. Wharton failed to file his brief on that deadline. However, Wharton's brief "was filed only two days after the deadline, and according to Rule 2(a)(2) of the [Mississippi Rules of Appellate Procedure], well within the fourteen days this Court gives a party to correct a deficiency." *See id*. Therefore, this Court finds that Wharton's appeal should not be dismissed, and we will proceed with the issues raised.

## 2. The trial court erred in granting the motion for default judgment.

¶16. After granting the State's motion for default judgment, Wharton unsuccessfully moved for relief. Wharton argues on appeal that the trial court erred in denying his Rule 60(b) motion. M.R.C.P. 60(b). A trial court's decision to grant or deny a motion to set aside a default judgment is reviewed for an abuse of discretion. *Thompson v. White*, 328 So. 2d 210, 218 (¶24) (Miss. Ct. App. 2021). In Wharton's motion, Wharton asserted that the court lacked jurisdiction due to insufficient service of process. The State argues that Wharton failed to properly preserve this issue on appeal because Wharton did not raise this defense in his answer that was filed on the same day the default judgment was entered. However, since the State never properly completed service of process on Wharton, the trial court never had jurisdiction to enter a default judgment against Wharton.

### A. The State failed to properly serve Wharton.

¶17. The Mississippi Supreme Court and this Court have historically held that "a judgment is void . . . if the court that rendered it lacked jurisdiction of the subject matter, **or of the parties**, or if it acted in a manner inconsistent with due process of law." *Overby v. Murray*,

8

569 So. 2d 303, 306 (Miss. 1990) (emphasis added) (quoting *Bryant Inc. v Walters*, 493 So. 2d 933, 938 (Miss. 1986); *McDaniel v. Burroughs*, 739 So. 2d 461, 464 (¶9) (Miss. Ct. App. 1999) (stating that the grant or denial of a Rule 60(b) motion is within the trial court's discretion unless the judgment is deemed void and must be set aside); *Villavaso v. S.H. Anthony Inc.*, 309 So. 3d 587, 593 (¶19) (Miss. Ct. App. 2020) ("In the absence of proper service of process, the court lacks jurisdiction, so any default judgment that it enters is void.") (quoting *S &M Trucking LLC v. Rogers Oil Co. of Columbia Inc.*, 195 So. 3d 217, 221 (¶16) (Miss. Ct. App. 2016)).

¶18.    Additionally, this Court has held, "Where service of process is not properly complete, the court does not have personal jurisdiction and, therefore, a default judgment would automatically be void." *Sun South LLC v. Bayou Vista LLC*, 281 So. 980, 983 (¶9) (Miss. Ct. App. 2019); *accord S &M Trucking LLC v. Rogers Oil Co. Of Columbia Inc.*, 195 So. 3d 217, 221 (¶16) (Miss. Ct. App. 2016).  "The trial court has no discretion in dealing with a void judgment.  If the judgment is void, **it must be set aside**." *Overby*, 569 So. 2d at 306 (emphasis added).

¶19.    In a forfeiture proceeding, the State must serve a copy of the petition for forfeiture upon the owner of the property if his address is known.  Miss. Code Ann. § 41-29-177(2)(a) (Rev. 2008).  This service of process must be done in the "same manner as in civil cases." Miss. Code Ann. § 41-29-177(2). Wharton's address was obviously known because the State mailed a summons to Wharton's address in Georgia. At the time of the seizure, Wharton initialed and signed a "Notice of Seizure" form, acknowledging he was the owner of the

9

seized currency. While that form did not have Wharton's address listed on it, the State clearly had the address because the State attempted to send the certified mail envelope to the Georgia address, a copy of which was attached to the State's response to the motion to set aside judgment.

¶20. When an owner of the property is a "person outside of the State," like Wharton, Mississippi Rule of Civil Procedure 4(c)(5) provides for service of process by certified mail. The Rule states:

> In addition to service by any other method provided by this rule, a summons **may be served on a person outside this state by sending** a copy of the summons and of the complaint to the person to be served by **certified mail, return receipt requested**. Where the defendant is a natural person, **the envelope** containing the summons and complaint **shall be marked "restricted delivery."** Service by this method **shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."**

M.R.C.P. 4(c)(5) (emphasis added). For service of process to be completed upon an out-of-state resident under this Rule, the State must (1) send a copy of the summons and complaint by certified mail with return receipt requested; (2) the envelope must be marked restricted delivery; and (3) service of process by this method will be deemed "complete" when the State obtains an actual return receipt indicating that the individual accepted the envelope or receives the envelope back marked "refused." *Id.*

¶21. Here, the State conceded in its "Supplemental Briefing in Further Support of Response in Opposition to Motion to Set Aside Default Judgment" that the State "never received a return 'green card'" from the United States Postal Service confirming delivery. The State also admitted that "further investigations do not show where the USPS ever

10

delivered the summons and petition to Wharton via certified mail." The State never received either acceptable forms of proof; therefore, proof of completed service of process was never filed in the circuit court. Because the State attempted service of process by certified mail but never received or filed a return receipt indicating Wharton had been served and never received or filed the envelope marked "refused," the State never completed service of process on Wharton as required in Rule 4(c)(5).

¶22. However, Rule 4 also permits service of process by publication on a non-resident defendant. *See* M.R.C.P. 4(c)(4)(A)-(C). As related to this case, this Rule requires:

> If the defendant in any proceeding in a chancery court, or in any proceeding in any other court where **process by publication is authorized by statute,** be **shown by sworn complaint or sworn petition, or by a filed affidavit**, to be a **nonresident of this state** or **not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit,** or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry, or if the affidavit be made by another for the plaintiff or petitioner, that such post office address is unknown to the affiant after diligent inquiry and he believes it is unknown to the plaintiff or petitioner after diligent inquiry by the plaintiff or petitioner, **the clerk**, upon filing the complaint or petition, account or other commencement of a proceeding, **shall promptly prepare and publish a summons to the defendant to appear and defend the suit**.

M.R.C.P. 4(c)(A) (emphasis added). Further, the Rule spells out the manner of publication required, and if the defendant's address is known, it should be included in the summons published as follows:

> The publication of said summons **shall be made once in each week during three successive weeks in a public newspaper of the county in which the complaint or petition, account, cause or other proceeding is pending** if there be such a newspaper, and where there is no newspaper in the county the notice shall be posted at the courthouse door of the county and published as

11

above provided in a public newspaper in an adjoining county or at the seat of government of the state. Upon completion of publication, proof of the prescribed publication shall be filed in the papers in the cause. The defendant shall have thirty (30) days from the date of first publication in which to appear and defend. **Where the post office address of a defendant is given, the street address, if any, shall also be stated** unless the complaint, petition, or affidavit above mentioned, avers that after diligent search and inquiry said street address cannot be ascertained.

M.R.C.P. 4(c)(4)(B) (emphasis added). Finally, if service is attempted by publication under this Rule, another step is required and stated as follows:

It shall be the duty of the clerk to **hand the summons to the plaintiff or petitioner to be published**, or, at his request, and at his expense, **to hand it to the publisher of the proper newspaper for publication**. Where the **post office address of the absent defendant is stated, it shall be the duty of the clerk to send by mail** (first class mail, postage prepaid) to the address of the defendant, at his post office, **a copy of the summons and complaint** and **to note the fact of issuing the same and mailing the copy, on the general docket**, and this shall be the evidence of the summons having been mailed to the defendant.

M.R.C.P. 4(c)(4)(C) (emphasis added). Pursuant to the parts of Rule applicable to this case, to complete service of process via publication upon an non-resident defendant whose address is known, the State must (1) be authorized to do so by statute; (2) show by sworn affidavit, petition, or complaint that the defendant is a nonresident; (3) provide the defendant's address, if known, in the sworn "complaint, petition or affidavit;" (4) publish the summons once a week for three consecutive weeks (5) in a public newspaper of the county where the action is pending, and (6) if the address of the defendant is known, (7) the clerk shall send a copy of the summons to the defendant's known address via first-class mail with postage prepaid. *See* M.R.C.P. 4(c)(4)(A)-(C).

¶23. A recent case decided by this Court explains the requirements for serving a

12

nonresident via publication in *Townsend v. What a Combo Inc.*, 281 So. 3d 43 (Miss. Ct. App. 2019). In *Townsend*, this Court had to determine whether service via publication was proper. *Id*. at 46 (¶7). This Court stated, "The rules of service of process are to be **strictly construed**. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition." *Id*. at (¶8) (emphasis added) (quoting *Turner v. Deutsche Bank Nat'l Tr. Co.*, 65 So. 3d 336, 339 (¶12) (Miss. Ct. App. 2011)). This Court found that Townsend failed to strictly comply with Rule 4. *Id*. at (¶10). Specifically, Townsend's attorney failed to "state the defendants' post-office addresses in the affidavit or swear that they were indeterminable following his and Townsend's diligent inquiry." *Id*.

¶24. In *Turner*, Deutsche attempted to serve Turner, a non-resident, via publication but failed to file a sworn statement that Turner was not a resident or that there had been a diligent inquiry to locate Turner. *Turner*, 65 So.3d at 338 (¶4). Deutsche Bank moved for default judgment after Turner failed to respond to Deutsche Bank, and the trial court granted the motion. *Id*. at (¶5). Turner moved to set aside the default judgment, arguing insufficient service of process, but the trial court denied the motion. *Id*. at (¶6). Turner appealed. *Id*. This Court determined "whether Deutsche Bank's attempted service by publication was sufficient where it failed to certify that Turner was a nonresident or, after a diligent inquiry, could not be located in Mississippi." *Id*. at 338 (¶8).

¶25. This Court explained that service of process by publication "is only permitted '[i]f the defendant . . . be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a nonresident of this state or not to be found therein on diligent inquiry.'" *Id*. at (¶9) (quoting

13

M.R.C.P. 4(c)(4)(A)).[6]  This Court continued, stating that if the defendant's address is known, the affidavit or sworn complaint must state the defendant's address. *Id*. at (¶10). "If the post-office address is listed, the sworn petition or affidavit must further provide the defendant's street address or that it could not be determined after a diligent inquiry." *Id*. Finally, this Court stated, "[I]f the plaintiff provides a post-office address, the clerk must mail the defendant (by first-class mail, postage pre-paid) a copy of the summons and complaint to his post-office address, and note having done so on the general docket." *Id*. at 338-39 (¶10).  This Court held that Deutsche Bank failed to properly serve Turner because it "never filed a sworn petition or affidavit attesting that Turner was a nonresident," which also meant that Deutsche Bank could not comply with any remaining "requirements for information that must be included in the petition or affidavit." *Id*. at (¶11).

¶26.    Additionally, in *Francis v. Francis*, 413 So.2d 382 (Miss. 1962), the Mississippi Supreme Court had to determine whether service was proper upon nonresidents. The supreme court explained that when publication of process is used to serve nonresidents, the statute "must be **strictly** complied with." *Id*. at 384 (emphasis added).[7]  The court found that service was incomplete because the "allegations contained in the petition did not give the post office and street address of the nonresidents but simply referred to the nonresidents as being of a

---

[6] The State has never alleged that Wharton could not be found "on diligent inquiry."

[7] *Francis* was decided before the Mississippi Rules of Civil Procedure were adopted, so the Mississippi Supreme Court referenced the now-repealed Mississippi Code Annotated section 13-3-19 (1972).  However, in *Caldwell v. Caldwell*, 533 So. 2d 413 (Miss. 1988), the Mississippi Supreme Court explained that Mississippi Rule of Procedure 4 is "substantially the same as the formerly followed statute Miss. Code Ann. § 13-3-19 (Supp. 1972)." *Id*. at 415.  *Francis*, therefore, is analogous.

14

named county in another state." *Id*.

¶27.     Here, the State failed to "strictly" comply with Rule 4 and its requirements for service by publication. The State was authorized by Mississippi Code Annotated section 41-29-177(2) to serve process via publication, and the State did publish the summons in the correct public newspaper. *See* M.R.C.P. 4(c)(4)(A)-(B). However, the State did not include Wharton's "post-office address" in the affidavit, sworn complaint, or petition. *See Townsend*, 281 So. 3d at 45 (¶6); *Francis*, 413 So. 2d at 384. Additionally, the State never provided a sworn complaint, petition, or affidavit stating Wharton was a non-resident of the State, nor did the State in the complaint, affidavit, or petition state his known address or that he could not be found. *See* M.R.C.P. 4(c)(4)(A). Further, because the State did not provide Wharton's address in the petition and did not file an affidavit with the known address of Wharton, the clerk could not place the correct address in the publication summons or send a copy of the summons and petition by first-class mail to Wharton. Because of these failures to comply with Mississippi Rule of Civil Procedure 4, the State did not properly serve Wharton. Therefore, the trial court never obtained jurisdiction in this case, and its entry of default judgment is void and should be reversed.

### B.     Wharton did not waive the defense of insufficient service of process.

¶28.     The State argues that when Wharton filed his answer and amended answer, he waived the defense of insufficient of service of process. It is without dispute that Wharton did not plead insufficiency of service of process in either answer. This Court must decide if the answer filed in this case was legally sufficient to waive an affirmative defense but at the

same time legally insufficient to prevent a default judgment from being entered for "failure to plead."

¶29.    In this case, the State filed the petition for forfeiture on September 17, 2019. The defendant was required to file an answer "within thirty days **after** the service of Summons and Complaint upon him." (Emphasis added). At the time the clerk filed its entry of default, the defendant had not yet responded to the petition by filing an answer. The Clerk's entry of default was correctly entered pursuant to Mississippi Rules of Civil Procedure Rule 55.

¶30.    Wharton filed an answer the day after the clerk filed its entry of default. On November, 13, 2019, the original answer was filed, but it contained the wrong case style. After being notified by the clerk, Wharton filed an amended answer the next day (November 14, 2019). The court entered its default judgment the same day.[8] As previously stated, neither answer included the defense of insufficiency of service of process. If the answers did, in fact, waive insufficiency of service of process, then the matter becomes problematic because defendant's answers would be deemed legally sufficient under M.R.C.P. 12 waiver, but legally insufficient under Rule 55 to prevent a default judgment. Rule 55 is clear; default judgments may only occur if the "party" has "failed to plead or otherwise defend as provided by these rules." There is no clear authority directly on point that tells us if a defendant files an answer after an entry of default by the clerk but before the judgment of default by the

_____

[8] Rankin County is on the MEC system. The order of documents on the docket, usually meaning the order in which they were filed, has the original answer as filed on November 13; next the clerk's notation about the wrong heading appears; then the amended answer on November 14 is listed; and finally the court's default judgment appears on November 14.

16

court, then that answer does not stop a default judgment but does act as a waiver for defenses not asserted within that otherwise no-legal-effect answer. There are some cases from federal district courts that shed some light on this issue: *Carter v. City of Thibodaux Police Dep't. ex rel. City of Thibodaux*, No. 13-105, 2013 WL 5673570, at *2 (E.D. La. Oct. 15, 2013) ("Unless and until default is set aside, the defendants cannot be deemed to have answered the plaintiff's petition."); *see also Am. Equip. Leasing Co., Inc. v. World Refuse Serv., Inc.*, No. 87-4210, 1990 WL 98908, at *1 n.2 (E.D. Pa. Jul. 12, 1990) ("As this answer was filed after the entry of default it has no effect, and [defendant], therefore, has not waived any of the defenses stated in Fed. R. Civ. P. 12(h)(1)."); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) ("A defendant cannot answer the complaint unless and until the default is vacated.").

¶31.   In *Carter*,  2013 WL 5673570, the federal district court for the  Eastern District of Louisiana answered the exact question raised here.  In that case, the court found, a "party in default must successfully petition the court to set aside the default before proceeding to respond to the allegations of a complaint." *Id.* at *1.  Further, the court held "unless and until the default is set aside, the defendants cannot be deemed to have answered the Plaintiff's petition." *Id.* at *2.  The court ultimately determined that the defense of insufficiency of service of process was not waived when an answer was filed while the default-judgment process was ongoing. *Id.*

¶32.   Mississippi Rule of Civil Procedure 55(c) itself, also provides some guidance on this issue without providing a clear answer to the exact question raised.  The rule states **"For good cause shown, the court may set aside an entry of default and, if a judgment by**

17

**default has been entered, may likewise set it aside in accordance with Rule 60(b)."** (Emphasis added). Courts act by motion of the parties. Rule 55 suggests a motion to set aside the clerk's entry of default should have been filed instead of the answer. Further, the court entered its default judgment the same day Wharton filed his answer. The rule states where a default judgment has been entered, a rule 60(b) motion should be filed. The rules do not state that an answer filed after a Rule 55 default process can have legal effect before either a Rule 55(c) motion or a Rule 60(b) motion is granted by the court.

¶33.    In this case, we have already found that Wharton was not properly served pursuant to Mississippi Rules of Civil Procedure, and the court did not have jurisdiction to enter default judgment in the first place. But the question now becomes, did the answer, filed a day after the clerk's entry of default and on the same day the court entered a default judgment, legally caused a waiver of that insufficiency-of-service-of-process defense. We find the correct course, under the unique facts of this case, is to hold that the answer filed did not act as a legal waiver of the defense of insufficiency of service of process. It would seem harsh to give legal effect to an answer as to waiver under Rule 12 and give no legal effect to the answer as to a default under Rule 55.

¶34.    The comments to Rule 55 also provide some guidance. The first comment states:

> **Before a default judgment can be entered, the court must have jurisdiction over the party against whom the default judgment is sought; which also means that the party must have been effectively served with process.**

M.R.C.P. 55 cmt. (emphasis added). That did not happen in this case. If we follow the logic of federal district courts (*see supra* ¶30), then the answer filed in this case had no legal

18

effect. Further, Rule 55 envisions relief from an entry of default by the clerk or after a judgment of default by the court occurs through motions brought before the court. *See* Rule 55(c). The motion to set aside must speak before the answer. Wharton filed a Rule 60 motion, notifying the court of the insufficiency service of process and requesting that the default judgment be set aside. Because service of process was not completed according to the procedural rules, denying that motion was an abuse of discretion under the facts of this case.[9]

### 3. This case is reversed and remanded to allow the State to show good cause.

¶35. Our finding of a void default judgment due to lack of jurisdiction creates an additional issue. We must now determine whether this case should be reversed and remanded or reversed and rendered since we have determined a void judgment was entered, and the statute of limitations long-since passed.

¶36. As to this issue, it is important to review the relevant procedural dates. On September 10, 2019, the Pearl Police Department seized currency from Wharton's vehicle. The State had "thirty days . . . from the date of the seizure" to begin forfeiture proceedings. Miss. Code Ann. § 41-29-177(1). The State filed a forfeiture petition on September 17, 2019. That filing tolled the statute of limitations for 120 days. *Meeks v. Hologic Inc*., 179 So. 3d 1127, 1134 (¶24) (Miss. 2015). The State was required to complete service of process on Wharton within those 120 days or seek additional time to complete service, or the statute of limitations

---

[9] This court does not address or rule in any way what legal effect, if any, the answer filed by the defendant will have on remand once the default judgment is set aside.

19

would resume running again at the end of the 120 days. *Miller v. Myers*, 38 So. 3d 648, 652 (¶17) (Miss. Ct. App. 2010).

¶37. The State attempted to serve Wharton on September 17, 2019. However, as stated above, the State never completed service of process upon Wharton. On November 13, 2019, the trial court entered default judgment against Wharton. That entry was done fifty-seven days into the 120-day period the State had to properly serve Wharton. On November 27, 2019, Wharton filed a motion to set aside the default judgment, where he argued insufficient service of process. On January 8, 2021, over a year later, the trial court entered an order denying Wharton's motion.

¶38. The Supreme Court's holding in *Bloodgood v. Leatherwood*, 25 So. 3d 1047 (Miss. 2010), proves instructive on the correct remedy in this usual legal circumstance. On July 23, 2002, Bloodgood and Leatherwood were involved in a car accident. *Id*. at 1048 (¶2). On June 17, 2005, Leatherwood sued Bloodgood. *Id.* The trial court gave Leatherwood a 120-day extension to attempt to serve Bloodgood after Leatherwood did not complete service of process in the time allowed. *Id*. at (¶3). After numerous failed attempts to personally serve Bloodgood, Leatherwood attempted to serve Bloodgood through certified mail, as permitted by Mississippi Rule of Procedure 4(c)(5). *Bloodgood v. Leatherwood*, 25 So. 3d at 1048 (¶3). After three failed attempts to deliver summons to Bloodgood, the postal service returned the mail to Leatherwood marked "Unclaimed/Refused." *Id*. On October 6, 2006, Bloodgood filed a motion to dismiss, arguing that the claim should be dismissed with prejudice because the statutory limitations period expired, and there was no proper service of process. *Id*. at (¶4). However, the trial court found that Bloodgood was properly served as of January 1,

20

2006.  *Id*. at (¶5).  Bloodgood appealed.  *Id*.

¶39.    The Mississippi Supreme Court determined whether the trial court properly denied Bloodgood's motion to dismiss and whether service of process was completed.  *Id*. at 1048 (¶6).  The supreme court found that service was not properly executed upon Wharton because "unclaimed/refused" did not comply with Rule 4(c)(5).  *Id*. at 1051 (¶17).  Because service was found to be improper, the court had to determine whether Leatherwood's action should be dismissed.  *Id*. at 1049 (¶6).  The supreme court noted that Bloodgood argued on appeal that "because the statute of limitations expired August 19, 2006, the dismissal should be with prejudice."  *Id*. at (¶18).  However, the supreme court found that dismissal was not proper. *Id*.

¶40.    The supreme court explained that a plaintiff who fails to serve a defendant within the 120-day period provided by Rule 4(h) must re-file her complaint before the statute of limitations expires or show good cause for failing to serve the defendant within the 120-day period.  *Id*. at (¶19).  Failure to do either of these things will result in dismissal.  *Id*. However, the supreme court explained, "While the trial court erred by finding that Bloodgood was served properly, Leatherwood **should now be afforded the opportunity to apply for additional time to serve process** and to demonstrate whether the circumstances in this case constitute good cause for failing to serve the defendant," even though the statute of limitations had expired.  *Id*. at 1052 (¶21) (emphasis added).

¶41.    We reach the same conclusion in the present case.  Like the Mississippi Supreme Court found in *Leatherwood*, we find that state should have an opportunity to seek additional

21

time to effect service if good cause can be shown. Therefore, we reverse and remand. We do not opine as to whether good cause exists or what action the trial court should take. That decision is left to the sound discretion of the trial court if a motion is filed.

## CONCLUSION

¶42. Upon review of the record, this Court finds that Wharton was never properly served with process. The trial court never had jurisdiction to grant a motion for default judgment against Wharton. Therefore, the trial court's order granting default judgment is reversed, and the case is remanded for further consideration on any motions for extension of time to complete service of process.

¶43. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND SMITH, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**